## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


Daniel J. LeBlanc, Sr.

    v.                                    Civil No. 12-cv-84-JL

Richard M. Gerry, Warden,
New Hampshire State Prison, et al.


### REPORT AND RECOMMENDATION


On June 21, 2012, the court conducted a preliminary review of the pro se complaint (doc. no. 1) filed in this matter.  The court, on that date, issued a report and recommendation (doc. no. 8) recommending the dismissal of certain claims, and an order (doc. no. 9) directing LeBlanc to amend his complaint to properly identify the defendants to the surviving claims, and to state the factual basis upon which liability should rest for each defendant named.

Plaintiff has now filed an "Amendment to Original Complain[t]" (doc. no. 10)[1] in response to the June 21 order (doc. no. 9).  In that amendment plaintiff seeks to clarify liability for each defendant, and to buttress claims that the court previously recommended be dismissed.  For the reasons

---

[1]The original complaint and attachments thereto (doc. no. 1) and the amendment to the complaint (doc. no. 10) will be considered, in the aggregate, to constitute the complaint in this matter for all purposes.

stated herein, the court now reiterates its previous recommendations concerning the dismissal of certain claims, recommends dismissal of defendant Richard Gerry from this action, and, in an order issued simultaneously with this report and recommendation, directs service of two claims against the remaining defendants in this action.

## Procedural Background[2]

Both LeBlanc's original complaint (doc. no. 1) and the amendment to his complaint (doc. no. 10), assert the following claims for relief:

> 1.   Defendants violated the Eighth Amendment when, acting with deliberate indifference, they failed to protect LeBlanc from a substantial risk of serious harm posed by I.P., an inmate with whom LeBlanc was housed, resulting in I.P. assaulting and seriously injuring LeBlanc;
>
> 2.   Defendants are liable for negligence under state law for breaching their duty to protect LeBlanc from the risk of harm posed by I.P., resulting in I.P. assaulting and seriously injuring Leblanc;
>
> 3.   Defendants are liable under the Eighth Amendment and for negligence under state law for failing to protect LeBlanc from I.P., after LeBlanc was assaulted by I.P., from verbal threats and threatening gestures I.P. made toward LeBlanc; and
>
> 4.   Defendants conspired to "cover up" I.P.'s assault against LeBlanc.

---

[2]The standard for conducting a preliminary review of the allegations in the amended complaint (doc. no. 10) is the same as that set forth in the June 21 report and recommendation (doc. no. 8) and will not be repeated here.

In both the complaint (doc. no. 1) and amendment to the
complaint (doc. no. 10), LeBlanc names the following defendants
to this action, all of whom were employed at the New Hampshire
State Prison ("NHSP") during the timeframe relevant to the
allegations in LeBlanc's complaint: NHSP Warden Richard Gerry;
Lt. Paul Casio, the officer in charge of security in the New
Hampshire State Prison's Secure Psychiatric Unit/Residential
Treatment Unit ("SPU/RTU"); Kevin Stevenson, SPU/RTU
administrator; Dr. Anthony Ramirez, Director of Forensic and
Medical Services at SPU/RTU; NHSP psychiatric nurse practitioner
Emily Bryant; SPU/RTU nurse Janis Phelps; and RTU psychiatric
social worker Terisa Quint.

In the June 21 report and recommendation (doc. no. 8), the
court recommended that LeBlanc's claims concerning verbal and
other threats and conspiracy (numbered Claims 3 and 4 above) be
dismissed for failing to state sufficient facts to assert a
claim upon which relief might be granted.  The court also found
that LeBlanc had stated sufficient facts to assert Eighth
Amendment and negligence claims for failing to protect him from
harm, resulting in I.P. assaulting LeBlanc (numbered Clams 1 and
2 above), and that although he had listed defendants to the
action, he had not stated facts specifying what each defendant
did to render him or her liable.  Accordingly, LeBlanc was

directed to amend his complaint to describe each defendant's
acts or omissions as to Claims 1 and 2, and to state facts
demonstrating that each defendant acted or failed to act with
deliberate indifference, in order to support his claims for
relief.

## Discussion

I.   Claims 3 and 4

     With respect to Claims 3 and 4, numbered above, the
complaint amendment (doc. no. 10) fails to allege any new facts
sufficient to cure the deficiencies in the statement of those
claims identified in the June 21 report and recommendation (doc.
no. 8).  The court now reiterates its recommendation that those
claims should be dismissed for failing to state an actionable
claim upon which relief can be granted.


II.  Claims 1 and 2

     A.   Eighth Amendment

     LeBlanc has asserted an Eighth Amendment claim alleging
that defendants were deliberately indifferent in failing to
protect him.  In order to assert an Eighth Amendment claim
against a specific defendant, LeBlanc must assert facts to
demonstrate that the defendant acted in a manner that subjected

LeBlanc to a substantial risk of serious harm, and that the
defendant did so with deliberate indifference to LeBlanc's
health or safety.  See Mosher v. Nelson, 589 F.3d 488, 493 (1st
Cir. 2009).  Specifically, LeBlanc must assert facts, of which a
defendant was aware, that gave rise to an inference that a
substantial risk of serious harm to LeBlanc existed, that the
defendant drew the inference, and that the defendant failed, by
act or omission, to take reasonable steps to ameliorate the
risk.  See Farmer v. Brennan, 511 U.S. 825, 828-29, 832-34
(1994); Mosher, 589 F.3d at 493; Ruiz-Rosa v. Rullan, 485 F.3d
150, 157 (1st Cir. 2007).

      B.   Negligence

To assert a negligence claim under state law, "'a plaintiff
must demonstrate that the defendant had a duty, that he breached
that duty, and that the breach proximately caused injury to the
plaintiff.'"  McCarthy v. Weathervane Seafoods, No. 10-cv-395-
JD, 2011 WL 2174036, *2 (D.N.H. June 1, 2011) (quoting Pesaturo
v. Kinne, 161 N.H. 550, 557, 20 A.3d 284, 290 (2011)); see also
Coan v. N.H. Dep't of Envtl. Servs., 161 N.H. 1, 7-8, 8 A.3d
109, 114-15 (2010).  "The duties of one who merely omits to act
. . . in general are confined to situations where there is a
special relation between the actor and the other which gives
rise to the duty.'"  Clearview Software Int'l, Inc. v. Ware, No.

07-cv-405-JL, 2011 WL 4007397, *8 (D.N.H. Sept. 9, 2011)
(quoting Coan, 161 N.H. at 8, 8 A.3d at 115).  New Hampshire has
recognized a jailer's duty to protect a prisoner from an
unreasonable risk of physical harm based on the "special
relationship" that exists between the jailer and the inmate.
See Murdock v. City of Keene, 137 N.H. 70, 72, 623 A.2d 755, 756
(1993) (citing Restatement (Second) of Torts § 314A (1965)).
"'One who is required by law to take or who voluntarily takes
the custody of another under circumstances such as to deprive
the other of normal opportunities for protection' is under a
duty to protect that person against unreasonable risk of
physical harm."  Murdock, 137 N.H. at 72 (quoting Restatement
(Second) of Torts § 314A (1965)).


III. NHSP Warden Richard Gerry

     LeBlanc has sued Gerry in his individual and official
capacities, asserting that, as warden of the NHSP and supervisor
of all of its operations and employees, he bears responsibility
for the acts and omissions of all NHSP staff.  LeBlanc does not
state that Gerry had any personal knowledge of or participation
in any of the circumstances or conditions which giving rise to
the claims here.

A.   <u>Individual Capacity</u>

1.   <u>Eighth Amendment Claim</u>

LeBlanc's Eighth Amendment claim arises under 42 U.S.C. § 1983, which provides a private cause of action to individuals alleging violations of their federal statutory or constitutional rights by persons acting under color of state law.  <u>See</u> <u>Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 40 (1st Cir. 2009).  Claims raised against a supervisor in a § 1983 action, however, may not ordinarily be based on a theory of <u>respondeat superior</u>, <u>see</u> <u>Grajales v. P.R. Ports Auth.</u>, 682 F.3d 40, 47 (1st Cir. 2012), which provides a cause of action against an employer arising out of the acts of his or her employee.  <u>See</u> <u>Porter v. City of Manchester</u>, 155 N.H. 149, 152, 921 A.2d 393, 397 (2007) (employer may be held vicariously liable for tortious acts of employee taken within scope of employment); <u>Restatement (Third) of Agency</u> § 2.04 (2006).  Instead, claims against prison supervisors must be based on the supervisor's own acts or omissions constituting "supervisory encouragement, condonation or acquiescence, or gross negligence of the supervisor amounting to deliberate indifference."  <u>Grajales</u>, 682 F.3d at 47 (alteration, internal quotation marks, and citation omitted). As LeBlanc has not stated any facts that demonstrate Gerry's personal involvement in, or even awareness of, the harm alleged,

he cannot assert a § 1983 supervisory liability claim against Gerry.  The Eighth Amendment failure to protect claim should be dismissed insofar as it is asserted against Gerry.

### 2.  State Law Negligence Claim

LeBlanc alleges that Gerry, like the other defendants named, is an employee of the New Hampshire Department of Corrections ("DOC").[4]  Accordingly, while Gerry is a supervisory official at the NHSP, he is not the employer of the other defendants.  As stated above, an employer may be held responsible for negligence of its employees under a theory of respondeat superior.  See Grajales, 682 F.3d at 47.  As Gerry is not the employer here, no claim based on a respondeat superior theory arises against him.  Further, no facts are asserted in the complaint or the amended complaint supporting a claim that Gerry was personally negligent or that he negligently supervised the other defendants.  For these reasons, the negligence claim asserted against Gerry in his individual capacity should be dismissed.

---

[4]A private corporation, MHM Services, Inc., employs one defendant, Emily Bryant.  LeBlanc has not named MHM Services, Inc. as a defendant, and the court expresses no view at this time regarding any potential claim against it.

B.   <u>Official Capacity</u>

LeBlanc asserts that his rights were violated by Gerry "representing the State of New Hampshire Department of Corrections," a state agency, which the court construes as an official capacity claim against Gerry.  Official capacity suits against officers of an agency "generally represent only another way of pleading an action against an entity of which an officer is an agent.  Suits against state officials in their official capacity therefore should be treated as suits against the state."  <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991) (internal quotation marks and citation omitted); <u>see also</u> <u>Negrón-Almeda v. Santiago</u>, 528 F.3d 15, 21 n.2 (1st Cir. 2008) (citing <u>Hafer</u>, 502 U.S. at 25).  Accordingly, LeBlanc's official capacity claims against Gerry are actually claims asserted against the State of New Hampshire.

 Claims for damages cannot be maintained in federal court against unconsenting states and their agents, absent Congressional abrogation of the State's sovereign immunity.  <u>See Bergemann v. R.I. Dep't of Envtl. Mgmt.</u>, 665 F.3d 336, 339 (1st Cir. 2011) (Eleventh Amendment generally shields non-consenting states from liability for damages in federal court); <u>Fantini v. Salem State Coll.</u>, 557 F.3d 22, 33 (1st Cir. 2009) (neither state agency nor state official acting in his official capacity

may be sued for damages in a § 1983 action). "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1638 (2011). New Hampshire has not waived its immunity for damages claims in federal court, and Congress did not abrogate the state's Eleventh Amendment immunity through 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).

LeBlanc seeks only damages in this action. Accordingly, the claims asserted against Gerry in his official capacity cannot be maintained in this action and should be dismissed.


IV. SPU/RTU Staff

LeBlanc alleges that circumstances and conditions existed at SPU/RTU that created a risk of serious harm to him. Specifically, LeBlanc alleges that when he was assaulted, the computer that controlled the unit door locks was broken, the unit door was locked, and no officer had a key. As a result, officers were unable to enter the unit to intervene to protect LeBlanc from the assault by I.P. LeBlanc further alleges that every member of the SPU/RTU staff, including all of the defendants named (except Gerry, as discussed above), was aware of those conditions, bore some responsibility to address and

correct the problem, and failed to take reasonable steps to do so.

Further, LeBlanc alleges that each of the SPU/RTU defendants was aware of the risk of harm posed by I.P., as they were aware that I.P. had twice before committed acts of violence against other inmates, and had assaulted a prison staff member. The SPU/RTU defendants were also aware of specific facts concerning I.P.'s mental state that caused I.P. to be dangerous to other inmates.  LeBlanc asserts that these individuals, despite this knowledge, failed to take reasonable steps to prevent the significant risk of harm posed to SPU/RTU inmates by I.P.  LeBlanc has stated sufficient facts to allege a plausible claim for relief against each of the SPU/RTU defendants for violations of the Eighth Amendment and negligence under state law.

### Conclusion

For the foregoing reasons, the court reiterates its June 21, 2012, recommendation (doc. no. 8) to dismiss the claims in this action based on a failure to protect LeBlanc from I.P.'s post-assault threatening behavior, or a "cover up" of an assault against LeBlanc.  The court further recommends that defendant Gerry be dismissed from this action.  In an order issued

simultaneously with this report and recommendation, the court directs service of LeBlanc's negligence and Eighth Amendment claims against defendants Casio, Stevenson, Ramirez, Bryant, Phelps, and Quint, alleging the failure to protect LeBlanc from harm, resulting in an assault on LeBlanc.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge


Date:  August 16, 2012

cc:  Daniel J. LeBlanc, Sr., pro se

LBM:jba