UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Daniel J. LeBlanc, Sr.

   v.                                      Civil No. 12-cv-84-JL

Richard M. Gerry, Warden,
New Hampshire State Prison, et al.


**O R D E R**

On June 21, 2012, the court conducted a preliminary review of the pro se complaint (doc. no. 1) filed in this matter. The court, on that date, issued a report and recommendation (doc. no. 8) recommending the dismissal of certain claims, and an order (doc. no. 9) directing LeBlanc to amend his complaint to properly identify the defendants to the surviving claims, and state the factual basis upon which liability should rest for each defendant named. Plaintiff has now filed an "Amendment to Original Complain[t]" (doc. no. 10)[1] in response to the June 21 order (doc. no. 9).

As fully explained in a report and recommendation issued simultaneously with this order, the court directs service of LeBlanc's Eighth Amendment and state law negligence claims

---

[1]The original complaint and attachments thereto (doc. no. 1) and the amendment to the complaint (doc. no. 10) will be considered, in the aggregate, to constitute the complaint in this matter for all purposes.

alleging a failure to protect him from harm resulting in a serious assault on LeBlanc, against defendants Kevin Stevenson, Dr. Anthony Ramirez, Lt. Paul Casio, Emily Bryant, Janis Phelps, and Terisa Quint.

**Service**

I.  NHSP Employees

As to defendants Casio, Stevenson, Phelps, and Quint, the Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of: the complaint (doc. no. 1); the report and recommendation (doc. no. 8) and order (doc. no. 9) issued June 21, 2012; the amendment to the complaint (doc. no. 10); the report and recommendation issued this date; and this order.  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether each named defendant has authorized the AG to receive service on his or her behalf.  When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period.

If any defendant does not authorize the AG to receive service on his or her behalf, or the AG declines to represent

any defendant, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of that defendant. In that event, the Clerk's office is instructed to complete and issue a summons for that defendant, using the last known address provided, and forward the summons, along with the above-listed documents, to the U.S. Marshal to complete service on the defendant in accordance with this order and pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

II. Non-NHSP Employees

As to defendant Bryant, the court understands that she is not a prison employee, but an employee of MHM Services, Inc., a private entity providing medical services at the NHSP. Accordingly, Bryant must be served individually pursuant to Fed. R. Civ. P. 4(e). The Clerk's office is directed to complete a summons form for Emily Bryant at the following address: Emily Bryant, c/o Attorney Deanne Johnson, MHM Legal Department, 1447 Peachtree St., Suite 350, Atlanta, GA 03009.

LeBlanc states that Dr. Ramirez is no longer employed at the NHSP. Accordingly, the Clerk's office is directed to complete a summons form for him at the following address: Dr.

Anthony Ramirez, 111 Church Street, Laconia, New Hampshire, 03247.

Once completed, the Clerk's office is directed to forward the summonses for Bryant and Ramirez, along with copies of the above-listed documents, to the U.S. Marshal to complete service. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

III. Additional Instructions to Parties

Defendants are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Date:  August 16, 2012
cc:  Daniel J. LeBlanc, Sr., pro se
LBM:jba